UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

IN RE

REQUEST OF LOURDES A. LEON
GUERRERO, I *MAGA'HÅGAN GUÅHAN*,
RELATIVE TO THE AUTHORITY OF
THE ATTORNEY GENERAL OF GUAM
TO APPROVE AUTONOMOUS
AGENCY CONTRACTS

CIVIL CASE NO. 25-00041

ORDER

This matter comes before the Court on the Governor of Guam's motion to remand (Dkt. No. 2), which the Court GRANTS in part for the reasons described herein. This necessarily moots all remaining motions in this matter (Dkt. Nos. 9, 15).

The procedural history here is similar to a companion case, which the Court recently remanded: Guam District Court Case No. 1:26-cv-00006. In each, the Governor filed a petition seeking the Guam Supreme Court's advice pursuant to 7 GCA § 4104 on the boundaries of authority provided by the Organic Act, specifically 48 U.S.C. § 1421g(a), in light of seemingly countervailing authority provided by 5 GCA § 5150. The Attorney General removed each to this Court, citing 28 U.S.C. §§ 1331, 1441, and 1442. From there, the cases diverged.

For the companion, 1:26-cv-00006, the Guam Supreme Court found the removal "facially defective" and retained jurisdiction (despite its removal) because, *inter alia*, the Attorney

ORDER
CIVIL CASE NO. 25-00041
PAGE - 1

General was not a party to the Governor's petition. *See In re Request of Lourdes A. Leon Guerrero, I MAGA'HÅGAN GUÅHAN, Relative to Organic Acts Limits on Legislative Conditions Affecting the Governor's Authority to Establish Hospitals*, Guam Supreme Court Case No. CRQ26-001, Order Retaining Jurisdiction (March 25, 2026).

This Court later endorsed the Guam Supreme Court's determination and remanded the matter back to that court. *See* 1:26-cv-00006, Dkt. No. 57. It did so after also concluding that the Attorney General was not a named party in the petition (or a real party in interest), nor was the petition a "civil action" within the purview of 28 U.S.C. §§ 1441(a) or 1442(a). *Id.* (citing *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Natl. Tr. Co.*, 23 F.4th 1167, 1173 (9th Cir. 2022); *Guam v. Guerrero*, 290 F.3d 1210, 1215 (9th Cir. 2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)).

The same is true here. The Attorney General was not a named party in the instant petition. (*See* Dkt. No. 1-2 at 3–23.) Granted, in the companion case, the Guam Supreme Court named the Guam Legislature as the respondent for purposes of briefing the matter. *See* Guam Supreme Court Case No. CRQ26-001, Scheduling Order (March 5, 2026). Whereas here, that same court designated the Attorney General as a respondent (for the same purpose). *See* Guam Supreme Court Case No. CRQ25-001, Scheduling Order (October 30, 2025). But a briefing respondent is not a named party (with a tangible adverse interest). Only those named *in the pleading* have removal authority. 28 U.S.C. § 1441(a); *see Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019). Thus, the removal considerations for each of the § 4104 petitions are the same and the same logic applies, thus requiring remand of this petition too. Nor is this the only barrier to this Court's jurisdiction as to the instant petition.

First, despite the Attorney General's arguments otherwise, (*see* Dkt. Nos. 1 at 3, 6; 8 at 16–19), he is a territorial officer—not a federal officer. *See Hueter v. Kruse*, 576 F. Supp. 3d 743, 777–78 (D. Haw. 2021). He does not possess 28 U.S.C. § 1442 removal authority. Second, this debate does not present a federal question pursuant to 28 U.S.C. § 1331. Indeed, this Court

held as much only recently—it need not retread that analysis here. *See Govt. of Guam v. Leon Guerrero*, 2026 WL 931039, slip op. at 9 (D. Guam April 7, 2026) (quoting *L. Offices of Phillips and Bordallo, P.C. v. Guerrero*, 2023 WL 5075374, slip op. at 4 (D. Guam Aug. 9, 2023)) *adopted at* 2026 U.S. Dist. LEXIS 168885, slip op. at 4 (D. Guam July 29, 2026) (finding that even though 48 U.S.C. § 1421g(a) is a federal law, it "concern[s] local policy" and thus is not a "law[] 'of the United States'" for jurisdictional purposes as to the instant dispute).[1] Third, the Governor's petition, while *labeled* a declaratory judgment action, in *substance* seeks an advisory opinion from Guam's Supreme Court pursuant to *sui generis* territorial law. (*See generally* Dkt. No. 1-2 at 3–23.) This cannot be a civil action pursuant to 28 U.S.C. § 1441(a). *See Flast v. Cohen*, 392 U.S. 83, 95 (1968) (discussing Article III requirements, which apply equally to Article IV courts).

For all these reasons, the Court FINDS that this matter fails to satisfy 28 U.S.C. §§ 1331, 1441, or 1442. As such, remand is required for this ineffective removal. Nevertheless, the Court DECLINES the Governor's request for sanctions or for attorney fees pursuant to 28 U.S.C. § 1447(c). Unlike in the companion case (where the Court *did* impose attorney fees), because here the Guam Supreme Court designated the Attorney General as a respondent (and also did not find the removal facially defective), the Attorney General had perhaps a debatable basis for removal in this instance (whether it rises to a level beyond that, the Court will not address).

For the reasons described above, the Court GRANTS in part the Governor's motion to remand (Dkt. No. 2), DIRECTS the Clerk to remand this case to the Guam Supreme Court, and declines to impose attorney fees or other sanctions against the Attorney General. Further, the Court DENIES as moot all remaining motions (Dkt. Nos. 9, 15).

//

//

//

---

[1] For the same reason(s), Rule 5.1 Notice, (*see* Dkt. No. 11), is unnecessary.

ORDER
CIVIL CASE NO. 25-00041
PAGE - 3

It is so ORDERED this 31st day of July 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CIVIL CASE NO. 25-00041
PAGE - 4